**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | | |
|---|---|---|
| In re: Dauntless Construction, LLC, | ) | Case No. 15-22094 (AMN) |
| | ) | |
| Debtor. | ) | Chapter 11 |
| | ) | |
| Connecticut Lending Partners, LLC, | ) | |
| | ) | **Adversary Proceeding** |
| Plaintiff, | ) | **Case No. 16-02009** |
| | ) | |
| v. | ) | |
| | ) | |
| Timothy Martin, | ) | |
| | ) | |
| Defendant. | ) | March 3, 2016 |

### FIRST AMENDED COMPLAINT

Connecticut Lending Partners, LLC, ("**CLP**") by and through its undersigned attorneys, hereby files this First Amended Complaint against Timothy Martin ("**Martin**"), an insider of the Debtor, Dauntless Construction, LLC ("**Debtor**"), seeking to avoid and to declare null and void a certain mechanic's lien filed by Martin against real property owned by the within Estate, which lien purports to prime the mortgage interest held by CLP, or in the alternative, to equitably subordinate the mechanic's lien in favor of the Plaintiff's mortgage.

### Parties

1. CLP is a limited liability company formed and existing under the laws of the State of Connecticut, having an address of 1127 High Ridge Road, #202, Stamford, Connecticut.

1212490

2. Defendant Timothy Martin is an individual, who resides at 9 Dogwood Lane, Simsbury, Connecticut.

3. Prior to the filing of the within petition, the Debtor was the record owner of real property, known as 9 Dogwood Lane, Simsbury, Connecticut (the "**Property**"), which property now comprises part of the within estate.

4. Martin is the sole member of the Debtor, and so had complete control over its actions and affairs, with each of Martin and the Debtor possessing all of the knowledge and information held or obtained by each other.

5. The Debtor filed its original petition for relief under Title 11 of the United States Code (the "Bankruptcy Code") on December 3, 2015 (the "Bankruptcy Case"), which case was converted to a proceeding under Chapter 11 upon the Debtor's Notice of Conversion filed on February 17, 2016 (ECF #24; Order Upon Conversion, ECF #26).

**Jurisdiction & Venue**

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(b).

7. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (B).

8. Venue is proper in this District pursuant to 28 U.S.C. § 1409 because this proceeding arises under a bankruptcy case pending in this District.

**Factual Background and Claim**

9. The Debtor is a Connecticut limited liability company, which held the record title interest in the Property prior to its filing the within Bankruptcy Case.

10. Martin is the sole member of the Debtor.

11. CLP is the holder of a mortgage interest in the Property, pursuant to a Commercial Promissory Note dated December 2, 2011 in the original amount of $185,000 (the "Note") and a Mortgage Deed, dated the same day and recorded on

1212490

December 5, 2011, in Volume 825 at Page 330 of the Simsbury Land Records (the "Mortgage Deed").

12. On or about October 30, 2015, Martin caused to be recorded a mechanic's lien against the Property, in Volume 894 at Page 422 of the Simsbury Land Records, in the alleged amount of $300,000 (the "Mechanic's Lien").

13. The Mechanic's lien purports to claim or assert a priority over the Mortgage of CLP.

### First Count to Invalidate the Mechanic's Lien

14. The Mechanic's Lien is invalid, void and of no effect under applicable law.

15. The claim of Martin, if any, in this Bankruptcy Case is an unsecured claim only.

16. To the extent that the property will be sold or otherwise liquidated in this proceeding, or even if there is a potential reorganization, it will be necessary for the efficient administration of this case that the extent, priority and validity of the Mechanic's Lien be determined by this Court.

### Second Count to Equitably Subordinate the Mechanic's Lien

17. To the extent that the Mechanic's Lien is found to be valid and enforceable, and has a priority over the Mortgage Deed, any lien interest created by said Mechanic's Lien should be equitably subordinated to the Mortgage Deed.

1212490

**WHEREFORE, CLP** claims a finding, judgment or order:

1. As to the First Count, Determining that the Mechanic's Lien is invalid, null and void;

2. As to the Second Count, Determining that the Mechanic's Lien, if valid, should be equitably subordinated to the Mortgage Deed in favor of the Plaintiff;

3. Such other and further relief as at law or in equity may pertain.

Dated at Hartford, Connecticut, this 3rd day of March, 2016.

        **PLAINTIFF,**
        **CONNECTICUT LENDING**
        **PARTNERS, LLC**

        By:  /s/ *Thomas A. Gugliotti*
        Thomas A. Gugliotti, Esq.
        Federal Bar No. ct05288
        Updike, Kelly & Spellacy, P.C.
        100 Pearl Street, 17th Floor
        P.O. Box 231277
        Hartford, CT  06123-1277
        Tel. (860) 548-2661
        Fax (860) 548-2680
        tgugliotti@uks.com
        *Counsel to Connecticut Lending Partners, LLC*

1212490